Mock & Blum, New York City, and William G. MacKay, San Francisco, Cal., for plaintiff.

Kermit Gitenstein, Brooklyn, for defendant.

ABRUZZO, District Judge.

The plaintiff, Spice Islands Company, instituted this action against the defendant, Spice Land Products, Inc., for trademark and trade name infringement and seeks to enjoin the defendant from using the words "Spice Land" which is part of the defendant's trade name, Spice Land Products, Inc.

On May 23, 1941, the trademark "Spice Islands" was first registered in the United States Patent Office by Frederick H. Johnson, the plaintiff's present president, and on September 6, 1949, the plaintiff was incorporated in the State of California. The plaintiff's products include a complete line of spices marketed and sold throughout the United States and in many foreign countries, in department stores, fancy fruit stores, grocery stores, butcher shops, hardware stores and gift shops.

The defendant was incorporated in New York State in November, 1952, under the corporate name of Spice Land Products, Inc. It is engaged in the business of packaging and selling spices in New York, New Jersey and Connecticut under the trademark "Spice Land."

On May 16, 1953, plaintiff served notice of infringement on defendant requesting that it cease and desist the further use of the trademark "Spice Land" and the trade name Spice Land Products, Inc. in that it violated the trademark "Spice Islands" and the trade name Spice

**SPICE ISLANDS COMPANY, a corporation, Plaintiff,**

v.

**SPICE LAND PRODUCTS, INC., a corporation, Defendant.**

**Civ. A. No. 15011.**

United States District Court
E. D. New York.
March 28, 1958.

Islands Company. Defendant's refusal to comply with the notice so served resulted in the institution of this suit.

The plaintiff claims that the marks involved are substantially identical; that in trade name and trademark cases there are three principal tests, to wit, *appearance, sound* and *significance*. The two marks are distinguished only by the difference that the defendant has eliminated the letters "I" and "s" which is pronounced "I." The plaintiff is aggrieved because it feels that confusion is inevitable.

In the opening of counsel the plaintiff stated that it was concerned primarily with an injunction to protect its valuable business right and that was the only issue it was presenting. Plaintiff also stated that its claim for unfair competition was not being included as part of the case. Since 1941 plaintiff claims to have done a gross business of $13,305,-040.55 and has expended some $818,742.-01 for advertising. Its trade name and trademark have been advertised extensively in the United States for years by means of newspapers, magazines, store catalogs, recipe books, folders, price lists and by demonstrations. (R. 30–32, 35.)

Plaintiff's cause of action is brought under Section 1114 of Title 15 U.S.C.A., which provides in essence that "any one who shall, in commerce, use, without the consent of the registrant, any reproduction, counterfeit, copy or colorable imitation of any registered mark in connection with the sale, offering for sale, or advertising of goods or services shall be liable to a civil action by the registrant."

The right of injunction is among the remedies accorded under this Act, pursuant to the principles of equity and upon such terms as this Court may deem reasonable to prevent the violation of any right of a registrant of a mark duly registered in the United States Patent Office (Sec. 1116, Title 15 U.S.C.A.).

Defendant's defense is that the labels used on its products are totally dissimilar in format and appearance from that of the plaintiff. It makes the further contention that the plaintiff has no right to create a monopoly in common generic and geographical words.

The proof established that both parties sell their products in the New York metropolitan area. The defendant contends that its ultimate consumers are different from the plaintiff's because the bulk of its business is with butcher shops. Nevertheless, the plaintiff and defendant solicit to all practical purposes the same purchasers. Their products are in butcher shops and other stores, and both plaintiff and defendant solicit every type of store to carry their products.

The defendant's business, the evidence indicates, amounts to approximately $50,000 a year.

In Warner Brothers Co. v. Jantzen, Inc., 2 Cir., 249 F.2d 353, cited by the defendant, there was no likelihood of confusion between the trademarks "Curvallure" and "A'Lure." This Circuit held that the plaintiff was not entitled to an injunction, but as I perceive that decision the defendant in using the word "Curvallure" joined it with its own widely known trademark consisting of the word "Jantzen" and a representation of a diving girl. As I interpret the decision, that particular factor was of major importance in denying the injunction. True, the decision did distinguish the two words and apparently there is some suggestion that both plaintiff and defendant in that case advertised extensively and, as it said (at page 354): " * * it is not conceivable that consumers lack awareness of the existence of the trade rivalry involved."

In the instant case the facts are quite different and come more closely within the purview of other decisions.

In Pastificio Spiga Societa, etc. v. De Martini Macaroni Co., 2 Cir., 200 F.2d 325, at page 326, the Court said:

"The Patent Office had allowed registration of the trade mark and its action created a strong presumption in favor of the validity of the mark. See Planten v. Gedney, 2

Cir., 224 F. 382; W. G. Reardon Laboratories, Inc. v. B. & B. Exterminators, Inc., 4 Cir., 71 F.2d 515, 517; Nims, Unfair Competition and Trade Marks, 4th Edition, § 344."

In Admiral Corp. v. Penco, Inc., 2 Cir., 203 F.2d 517 at page 520, the Court said:

"It is not necessary to show actual cases of deception or confusion, since the test is the likelihood of such confusion. * * *"

Douglas Laboratories Corp. v. Copper Tan, 2 Cir., 210 F.2d 453; Maternally Yours, Inc., v. Your Maternity Shop, 2 Cir., 234 F.2d 538; and Royal Typewriter Co. v. Cachelin, D.C.S.D.N.Y., 127 F.Supp. 173, where it was held that defendant's mark "Rooy" was too similar to the word "Royal" and, therefore, infringed the trademark "Royal."

A registered trademark is entitled to protection of an injunction under Section 1116, Title 15 U.S.C.A.

In Triangle Publications v. Rohrlich, 2 Cir., 167 F.2d 969, at page 972, it was said:

"It is settled law that a plaintiff who has established a right to a trade name which is fanciful or arbitrary or has acquired a secondary meaning is entitled to protection of his reputation against the use of that name by others even upon non-competing goods, if the defendant's goods are likely to be thought to originate with the plaintiff. Yale Electric Corporation v. Robertson, 2 Cir., 26 F.2d 972; L. E. Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272; Standard Brands v. Smidler, 2 Cir., 151 F.2d 34; * * *"

The Court is not impressed with the defendant's defense that it chose the name Spice Land Products, Inc. due to the fact that its attorney had incorporated several corporations and had always used the word "land." These corporations were real estate corporations and land is synonymous with real estate.

It appears from the testimony that the defendant spent very little, if any, money for advertising. The defendant undoubtedly relied upon the confusion of names and as its product was cheaper it would tend to lead the public to believe that it was in fact the product of Spice Islands Company.

It, therefore, follows that the plaintiff is entitled to the injunction prohibiting the defendant from using the mark and name "Spice Land."

Findings of fact and conclusions of law may be submitted in accordance with this opinion.