**SPICE ISLANDS COMPANY, a corporation, Plaintiff-Appellee,**

v.

**SPICE LAND PRODUCTS, Inc., a corporation, Defendant-Appellant.**

No. 76, Docket 25226.

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1958.

Decided Jan. 8, 1959.

William G. MacKay, San Francisco, Cal. (Mock & Blum, New York City, on the brief), for plaintiff-appellee.

Kermit Gitenstein, Brooklyn, N. Y., for defendant-appellant.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

Our review of the district court's judgment presents the question of whether defendant's use of the mark "Spice Land" on its spice products infringes the plaintiff's registered mark "Spice Islands" for similar products. We agree with Judge Abruzzo that the defendant has infringed the plaintiff's valid mark, and we affirm the judgment enjoining the defendant from the use of "Spice Land" as a trademark or designation in connection with packing, processing, advertising, distributing or marketing of spices or related products.

We find no merit in the defendant's contention that the plaintiff's mark

is a mere description, geographical or otherwise, and therefore unregistrable. 15 U.S.C.A. § 1052(e). To the contrary, the mark is sufficiently fanciful to sustain the relief accorded. However, since there is also ample support in the record for Judge Abruzzo's finding that the plaintiff's mark had "by reason of extensive advertising and use" attained a secondary meaning sufficient to entitle it to protection, we place our affirmance on that alternative ground as well.

■ Finally it is self-evident that when compared with "Spice Islands" the use of "Spice Land" as a trademark for spices and similar products is "likely to cause confusion or mistake or to deceive purchasers as to the source of origin of the goods or services." 15 U.S.C.A. § 1114(1). The word combinations are strikingly similar in sound and meaning. Maternally Yours, Inc. v. Your Maternity Shop, Inc., 2 Cir., 1956, 234 F.2d 538, 542; Douglas Laboratories Corp. v. Copper Tan, Inc., 2 Cir., 1954, 210 F.2d 453, certiorari denied 1954, 347 U.S. 968, 74 S.Ct. 779, 98 L.Ed. 1109.

Judgment affirmed.