56 CCPA

**Application of the BELGRADE SHOE COMPANY.**

**Patent Appeal No. 8103.**

United States Court of Customs and Patent Appeals.

July 3, 1969.

M. Arthur Auslander, Auslander & Thomas, New York City, attorneys of record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Jack E. Armore, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND and BALDWIN, Judges.

BALDWIN, Judge.

This is an appeal from the decision [1] of the Trademark Trial and Appeal Board rendered October 28, 1966 rejecting the application [2] of Belgrade Shoe Company for registration of its trademark COL"EEJUNS" as applied to women's and girls' shoes on the Principal Register. The examiner's refusal is under section 2(d) of the Trademark Act of 1946 (15 U.S.C. § 1052(d)), based on the registered mark COLLEGI-ENNE [3] as applied to shoes of leather, rubber, fabric and combinations, girls' and junior girls' hats, coats, suits, dresses, sweaters, skirts, and blouses.

The basis of rejection is that the appellant's mark so closely resembles the registered mark in sound and in meaning as to create likelihood of confusion, mis-

---

1. Summarized at 152 USPQ 836.

2. Serial No. 174,488, filed August 6, 1963.

3. Registration No. 196,993, issued April 7, 1925, renewed April 7, 1945. and again according to the board opinion.

take, or deception when used on the identical and closely related goods.

The appellant acknowledges that "there is no correct pronunciation of a trademark." We think that one is very likely to pronounce "Collegienne" as if it were spelled "Colleejen" or "Colleejun." Thus, in sound, the appellant's mark differs from the registered mark primarily in that the former is the plural form of the latter, which we feel does not amount to a material difference in a trademark sense. Wilson v. Delaunay, 245 F.2d 877, 44 CCPA 1019 (1957). We feel that the two very similar marks, when applied to the same goods, would create a likelihood of confusion.

The appellant has argued that third party registrations in the record would indicate the reference registration is a "weak" mark and therefore "less likely to be confused." The question still remains whether the marks viewed as a whole create a likelihood of confusion. Lilly Pulitzer, Inc. v. Lilli Ann Corp., 376 F.2d 324, 54 CCPA 1295 (1967). Third party registrations have very little weight on the issue.

The decision of the board is affirmed.

Affirmed.

George A. Schmidt, Harold W. Milton, Jr., Birmingham, Mich., Donald P. Selvecki, Detroit, Mich., Barnard, McGlynn & Reising, Birmingham, Mich., attorneys of record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents; Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, Acting Chief Judge, DURFEE and NEESE, Judges, sitting by designation, ALMOND and BALDWIN, Judges.

ALMOND, Judge.