58 CCPA

**CLAIROL INCORPORATED, Appellant,**

v.

**ROUX LABORATORIES, INC., Appellee.**

**Patent Appeal No. 8404.**

United States Court of Customs
and Patent Appeals.
May 13, 1971.

Newman, J., took no part in decision.

2. Application Serial No. 96,048, filed April 28, 1960.

H. C. Dieserud, New York City, attorney of record, for appellant. David J. Kera, New York City, of counsel.

Sylvester J. Liddy, New York City, for appellee. Joe E. Daniels, New York City, of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and NEWMAN, Judge, Customs Court, sitting by designation.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] granting the petition of appellee, Roux Laboratories, Inc., for cancellation of the registration [2] for the mark "PLATINUM PUFF" for a hair tinting, dyeing and coloring preparation. The petition was granted on the basis of appellee's prior use of "PLATINUM PLUS" as a trademark for a haircoloring preparation.

Both parties filed stipulated testimony below together with accompanying exhibits. There is no dispute as to the asserted facts. These facts show that appellee was the prior user of its mark, that the products involved are substantially similar competing preparations sold through identical trade channels, and that each party has marketed a substantial number of units of its respective products.[3]

■ Appellant, in the proceeding below and in its brief here, has referred to a number of third party registrations, apparently as indicating that appellee's mark is a weak one. While third party registrations are to be considered, they are of little help and not controlling as to the single determinative issue we have before us, which is, of course, whether the marks are so similar that when applied to the respective goods they are likely to cause confusion, mistake or deception. See In re Belgrade Shoe Co., 411 F.2d 1352, 56 C.C.P.A. 1298 (1969).

■ At this point we note that the board, in defining the issue, used the phrase "confusingly similar." Under the circumstances of this case, that characterization of the issue might technically be correct. Nevertheless, we feel that the perpetuation of that phrase confuses the true issue to be determined under the statute.[4] We do feel, however, that the board in its opinion correctly addressed the subject at hand in holding

While we must agree that the word "PLATINUM" is indicative of color and that the marks here involved are used as secondary marks, we nevertheless cannot ignore the word "PLATINUM" in petitioner's mark or the fact that the marks with which we are here concerned are "PLATINUM PUFF" and "PLATINUM PLUS", per se, regardless of the fact that ap-

---

1. The board's opinion is reproduced in full at 157 USPQ 392 (1968).

2. Supplemental Registration No. 791,226, granted June 15, 1965.

3. Appellee during the years 1960 thru June 1966, produced in excess of 2,000,- 000 units while appellant, since November 1963, showed sales in excess of 200,000 units.

4. See Myrurgia, S. A. v. Comptoir de la Parfumerie S. A. Ancienne Maison Tschanz, Cust. & Pat.App., 441 F.2d 673 decided concurrently herewith.

plicant's mark may be used in conjunction with another mark.

We also agree that while "PLUS" and "PUFF" may well have different meanings by themselves, this difference alone does not overcome the conclusion that when the marks are viewed in their entireties a likelihood of confusion exists. See In re Helene Curtis Industries, Inc., 305 F.2d 492, 49 C.C.P.A. 1367 (1962). Nor is the fact that there have been no instances of actual confusion controlling here.

In short, it is our opinion that the Trademark Trial and Appeal Board was correct in holding that appellant's mark so closely resembles appellee's mark "PLATINUM PLUS" that, when applied to the goods here involved, it is likely to cause confusion or mistake or to deceive. The decision of that board is therefore affirmed.

Affirmed.

NEWMAN, J., took no part in the decision of this case.