**SPICE ISLANDS, INC., Appellant,**

v.

**The FRANK TEA AND SPICE COM-PANY, Appellee.**

**Patent Appeal No. 74–567.**

United States Court of Customs and Patent Appeals.

Nov. 27, 1974.

**1294**

John P. Sutton, Limbach, Limbach & Sutton, San Francisco, Cal., attorney of record, for appellant.

Frank P. Presta, Jacobi, Lilling & Siegel, Arlington, Va., attorney of record, for appellee.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] dismissing an opposition to appellee's application [2] to register SPICE TREE and tree design for garlic powder and minced onion and denying a petition to cancel appellee's registration [3] SPICE TREE per se for the same goods. Appellant asserts that appellee's marks so resemble appellant's mark SPICE ISLANDS,[4] either alone or with various tree designs, or with its registered tree design [5] for seasoning herbs and spices as to be likely to cause confusion, mistake, or deception. We reverse.

No dispute arises over appellant being the first user, and, as stated by the Trademark Trial and Appeal Board:

> Since it thus appears that opposer is here the prior user and the goods of the parties are in part identical in kind, this case turns solely on a comparison of the marks.

Appellant's marks appear as shown below:

Appellee's marks appear as follows:

**Spice Tree**

The record shows that appellant for many years has continuously used the mark SPICE ISLANDS alone and/or in association with a representation of a tree or the top of a tree in connection with the sale of spices and food seasonings of various kinds, including garlic powder and minced onions. Its goods are marketed throughout the United States, its sales thereof have ranged between five and ten million dollars a year, and it has spent approximately $500,000 a year in promoting its goods through such media as radio, nationally distributed consumer magazines, and the distribution of seasoning charts and cookbooks.

Appellant markets condiments displaying both its SPICE ISLANDS mark and tree mark.[6] Further, store marketing

1. 181 USPQ 179 (1973).

2. Application serial No. 359,841, filed May 15, 1970, alleging first use on March 25, 1970.

3. Reg. No. 918,142, issued Aug. 10, 1971, on Application serial No. 359,840, filed May 15, 1970, alleging first use on Mar. 25, 1970.

4. Reg. No. 574,147, issued May 12, 1953, alleging first use on March 17, 1941.

5. Reg. No. 781,485, issued Dec. 8, 1964, alleging first use in April 1961.

6. Appellant's Exhibits 21, 22, and 23 show three seasoning product labels displaying appellant's tree mark positioned directly above its mark SPICE ISLANDS.

displays [7] similarly depict both marks being used together.

Since March of 1970, appellee has used its marks in connection with the sale of a line of spices, food seasonings, and condiments. Its sales under these marks have totaled approximately $500,000. From 1959 until 1970 appellee sold its goods under another mark,[8] a portion of which comprises the same tree design that appears in the instant application, and sales under that mark amounted to approximately $51,000,000.

## OPINION

After having carefully reviewed the record and the arguments of counsel, we are convinced that the board erred in dismissing the opposition and in denying the petition for cancellation of appellee's registration.

■ In reaching its decision, the board improperly dissected the marks. For example, the board stated:

In this regard, the word "SPICE", common to the word marks "SPICE ISLANDS" and "SPICE TREE", possesses an obvious descriptive connotation as applied to the goods of both

parties, and as further shown by the record herein, this word or variations thereof form a part of numerous marks registered by third persons for goods of the character here involved. While it is true opposer points out that the instant marks are used in association with tree designs, there obviously are substantial differences between the designs in appearance.

■ Of paramount interest is not the descriptive nature of SPICE,[9] but the overall commercial impression derived by viewing the marks in their entireties in determining whether a likelihood of confusion exists. Clairol Incorporated v. Roux Laboratories, 442 F.2d 980, 58 C.C. P.A. 1170 (1971). Arguments to the effect that one portion of a mark possesses no trademark significance leading to direct comparison between only what remains is an erroneous approach. Magnavox Co. v. Multivox Corp. of America, 341 F.2d 139, 52 C.C.P.A. 1025 (1965).

■ Furthermore, it is unclear whether the board accorded proper weight to appellant's most pertinent trademark usage in arriving at its conclusion that a

7. Appellant's Exhibit 45 shows a cardboard display case for various seasonings which depicts appellant's tree mark positioned directly below its mark SPICE ISLANDS.

8. Reg. No. 714,805, issued May 2, 1961. The mark appears as shown below:

In January of 1970, the drawing of this registration was amended to appear as shown below:

9. Worthy of note is the fact that another court has previously found that appellant's mark SPICE ISLANDS, when considered in its entirety, is not merely descriptive and has acquired secondary meaning. Spice Islands Co. v. Spice Land Products, Inc., 165 F.Supp. 92 (E.D.N.Y.1958), aff'd, 262 F.2d 356 (2d Cir. 1959).

likelihood of confusion does not exist. Although the board acknowledged that appellant markets its goods under the mark SPICE ISLANDS in connection with its tree mark, which depicts an entire tree, it stated that the grounds for the opposition and cancellation were the mark SPICE ISLANDS alone and in association with a design depicting the *top* of a tree, positioned to the left and right of SPICE ISLANDS.[10] The former trademark usage would give rise to an association, in the minds of consumers, between appellant's mark SPICE ISLANDS and various tree designs. We find that this usage is certainly more pertinent than the usage apparently emphasized by the board. It therefore should weigh heavily in determining whether a likelihood of confusion exists between the marks of the parties.

In reaching our decision, we note that the goods are identical, are in direct competition with one another, are of low cost and presumedly purchased without great reflection, and, finally, are purchased by the same class of purchasers. We find that the marks, when applied to seasonings such as garlic powder and minced onion, convey to prospective purchasers the same idea, same mental reaction, and same meaning. Procter & Gamble Co. v. Conway, 419 F.2d 1332, 57 C.C.P.A. 865 (1970).

Appellee has referred to a number of third party registrations which, appellee submits, indicate that appellant does not possess exclusive rights to the representation of a tree, as applied to spices, seasonings, or other food products. Appellee has also introduced 38 third-party registrations, which include the word SPICE, for the purpose of showing that SPICE is commonly used in registered marks applied to spices, seasonings, and other food products. While third-party registrations are to be considered, they are of little help and do not control our determination of whether the marks are so similar that they are likely to cause confusion, mistake, or deception. Clairol Incorporated v. Roux Laboratories, *supra.*

Appellee further argues that the commercial impression created by each mark is significantly different. Thus, it is contended that SPICE ISLANDS connotes a group of islands in Indonesia where the climate is semi-tropical, while SPICE TREE serves to create the impression of a fanciful tree on which various spices are grown. We do not find such an argument persuasive. Suffice to say, we note that it overlooks the fact that appellant uses its mark SPICE ISLANDS in connection with its tree mark.

For the foregoing reasons, the decision of the Trademark Trial and Appeal Board is reversed.

Reversed.

10. In its opinion, the board reproduced Reg. No. 654,201, issued November 5, 1957, which is shown below: