**NEW ENGLAND FISH COMPANY,**
**Appellant,**

**v.**

**The HERVIN COMPANY, Appellee.**

**Patent Appeal No. 74–549.**

United States Court of Customs
and Patent Appeals.

Feb. 27, 1975.

William P. Cole, Philadelphia, Pa. (Synnestvedt & Lechner, Philadelphia, Pa.) attorneys of record, for appellant.

Jacob E. Vilhauer, Jr., Portland, Ore., attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

New England Fish Company, owner[1] of the mark KITTY for cat food,[2] appeals from the decision of the Trademark Trial and Appeal Board,[3] dismissing its opposition to an application[4] by The Hervin Company, to register the following mark for cat food:

Since there is no dispute that appellant is prior in use and that the goods of the parties are substantially the same, the sole issue is whether BLUE MOUNTAIN KITTY O'S so resembles KITTY that concurrent use of the marks on the goods is likely to cause confusion, or mistake, or to deceive. 15 U.S.C. § 1052(d).

Appellant asserts that 15 U.S.C. § 1052(d) is not applicable to a situation where one mark precisely embodies a second mark. Citing 15 U.S.C. § 1115(b)(4),[5] appellant would have us hold that appellee is entitled to register BLUE MOUNTAIN KITTY O'S only if the "kitty" portion is used in a descriptive sense. Appellant contends that unlike Food Specialty Co. v. Kal Kan Foods, Inc., 487 F.2d 1389, (Cust. & Pat. App.1973), where "kitty" was used as an adjective for stew, the same cannot be said of the instant situation where "O's" has no meaning in and of itself.

We do not agree with appellant's assertions for several reasons. First, although appellee's mark contains the word "kitty", of paramount interest is the overall commercial impression derived by viewing the marks in their entireties in determining whether a likelihood of confusion exists. Clairol, Incorporated v. Roux Laboratories, 442 F.2d 980, 58 CCPA 1170 (1971). Second, there are inherent limitations on appellant's right to control the use of the word "kitty" in connection with products for cats, even cat food, because of its obvious descriptive connotation. Food Specialty Co. v. Kal Kan Foods, Inc., supra. Although "kitty O's" may be incapable of precise definition, one is certainly left with the impression that the mark BLUE MOUNTAIN KITTY O'S deals with a product having a special appeal to "kitties."

We further note that the BLUE MOUNTAIN portion of appellee's mark is a housemark which was regis-

1. The registration issued to Food Specialty Co., Inc., but was assigned, together with the goodwill of the business etc., on March 29, 1972, to the present appellant.

2. Reg. No. 702,658, issued August 9, 1960.

3. 179 USPQ 743 (1973).

4. Application serial No. 340,553, filed October 13, 1969, alleging first use on December 30, 1965.

5. 15 U.S.C. § 1115(b)(4) reads:
   If the right to use the registered mark has become incontestable under section 1065 of this title, the registration shall be conclusive evidence of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the affidavit filed under the provisions of said section 1065 subject to any conditions or limitations stated therein except when one of the following defenses or defects is established:

   \* \* \* \* \* \*

   (4) That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a trade or service mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party, or their geographic origin;
   . . . .

tered previously [6] for dog and cat foods, and that the Patent Office previously denied appellee registration of KITTY O'S, alone, holding that KITTY O'S was confusingly similar to appellant's registered mark KITTY. However, there is no arbitrary rule of law that if two product marks are confusingly similar, likelihood of confusion is not removed by use of a company or housemark in association with the product mark. Rather, each case requires a consideration of the effect of the entire mark including any term in addition to that which closely resembles the opposing mark. Rockwood Chocolate Co. v. Hoffman Candy Co., 372 F.2d 552, 54 CCPA 1061 (1967).

Viewing the marks in their entireties, we agree with the board when it said:

[T]he overall differences between applicant's entire mark "BLUE MOUNTAIN KITTY O'S" and opposer's registered mark "KITTY" alone are sufficient to enable purchasers to distinguish between them and to avoid attributing the products offered thereunder to a single source.

Accordingly, the decision of the board is affirmed.

Affirmed.

---

6. Reg. No. 693,974, issued March 1, 1960.