# United States Court of Appeals for the Federal Circuit

---

**STONCOR GROUP, INC.,**
*Appellant,*

**v.**

**SPECIALTY COATINGS, INC.,**
*Appellee.*

---

2013-1448

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Opposition No. 91187787.

---

Decided: July 16, 2014

---

CHARLES N. QUINN, Fox Rothschild LLP, of Exton, Pennsylvania, argued for appellant.

MATTHEW SEIFERT, Hoxie & Associates, LLC, of Millburn, New Jersey, argued for appellee. On the brief was THOMAS HOXIE.

---

Before TARANTO and HUGHES, *Circuit Judges*.[*]

HUGHES, *Circuit Judge*.

This is a trademark case. The appellant, StonCor Group, Inc., owns the registered trademark "STONSHIELD." When a different company, Specialty Coatings, Inc., sought registration of a competing mark, "ARMORSTONE," StonCor opposed the registration, asserting a likelihood of confusion between ARMORSTONE and STONSHIELD and that ARMORSTONE is merely descriptive of Specialty Coatings' products. The Board dismissed StonCor's opposition, finding no likelihood of confusion and that ARMORSTONE was not merely descriptive. StonCor appeals. Although the Board erred in part of its analysis, namely its conclusion that STONSHIELD would not be pronounced as "STONE SHIELD," the error is harmless because the Board's dismissal is supported by substantial evidence and in accordance with the law. Thus, we affirm.

I

StonCor and Specialty Coatings are competitors in the market for epoxy coatings used on concrete floors. In 1992, StonCor registered the mark STONSHIELD with the United States Patent and Trademark Office (USPTO) in connection with "floors and flooring systems comprised of epoxy resins . . . for use in industrial and institutional applications," among other products. STONSHIELD, Registration No. 1,689,713. In 2008, Specialty Coatings applied to the USPTO for registration of the mark ARMORSTONE in connection with "[e]poxy coating for

---

[*]     Randall R. Rader, who retired from the position of Circuit Judge on June 30, 2014, did not participate in this decision.

use on concrete industrial floors," among other products. U.S. Trademark Application Serial No. 77,428,195 (filed Mar. 21, 2008). StonCor filed a notice of opposition to Specialty Coatings' application.

StonCor opposed registration of ARMORSTONE on six grounds, two of which it raises on appeal. First, StonCor argued that the USPTO should not allow registration of ARMORSTONE because consumers would likely confuse the mark with STONSHIELD when ARMORSTONE is used in connection with epoxy floor products. Second, StonCor argued that ARMORSTONE is not eligible for registration because the mark is merely descriptive and Specialty Coatings has not provided evidence of secondary meaning.

The Board analyzed the likelihood of confusion by considering the thirteen factors set forth in *In re E.I. DuPont de Nemours & Co.*, 476 F.2d 1357, 1361 (CCPA 1973). The parties presented evidence regarding factors one through eight, ten, and eleven. The Board addressed each of these factors, finding no likelihood of confusion because the marks are too distinct in sound, appearance, and commercial impression. *StonCor Grp., Inc. v. Specialty Coatings, Inc.*, Opposition No. 91187787, 2012 WL 2588576, at *5–*9 (T.T.A.B. June 22, 2012). StonCor challenges the Board's findings as to *DuPont* factors one and six:

> (1) The similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression.
>
> . . .
>
> (6) The number and nature of similar marks in use on similar goods.

*DuPont*, 476 F.2d at 1361.

Starting with factor one, the Board considered how prospective consumers would pronounce STONSHIELD. StonCor presented evidence that the "o" would be pronounced by consumers with a long vowel sound, as in the word "stone." The Board reasoned, however, that the spelling of "STON" and ordinary rules of English dictate that the "o" would be pronounced with a short vowel sound, as in the word "on." *Id.* at \*6. Thus, the Board found that there was a dissimilarity in pronunciation.

The Board went on to describe additional differences between the marks. It found that "STON" is spelled differently from "STONE"; that "STON–" appears at the beginning of STONSHIELD while "–STONE" appears at the end of ARMORSTONE; that STONSHIELD is two syllables while ARMORSTONE is three syllables; and that STONSHIELD would create a different commercial impression from ARMORSTONE. Taking all of these differences into account, the Board found that factor one weighed against finding a likelihood of confusion.

The Board next found factor six neutral because neither party provided evidence regarding the number of marks similar to STONSHIELD. *Id.* at \*8. In the Board's view, StonCor's evidence describing other oppositions filed by StonCor was insufficient to turn this factor in StonCor's favor.

Turning to StonCor's claim that ARMORSTONE is merely descriptive, the Board analyzed whether the mark ARMORSTONE, in its entirety, "immediately conveys information concerning a significant quality, characteristic, function, ingredient, attribute or feature of the product or service in connection with which it is used." *Id.* at \*10 (citing to *In re Eng'g Sys. Corp.*, 2 U.S.P.Q.2d 1075 (T.T.A.B. 1986) and *In re Bright-Crest, Ltd.*, 204 U.S.P.Q. 591 (T.T.A.B. 1979)). Finding that StonCor did not provide sufficient evidence that ARMORSTONE meets this

standard, the Board concluded that StonCor failed to meet its burden of proof.

StonCor appeals. We have jurisdiction pursuant to 15 U.S.C. § 1071(a)(1) and 28 U.S.C. § 1295(a)(4)(B).

## II

Section 2(d) of the Lanham Act provides that a trademark may be refused registration if it "so resembles" a prior mark "as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d) (2012). Likelihood of confusion is a question of law with underlying factual findings made pursuant to the *DuPont* factors. *M2 Software, Inc. v. M2 Commc'ns, Inc.*, 450 F.3d 1378, 1381 (Fed. Cir. 2006). We review the Board's factual findings on each *DuPont* factor for substantial evidence and its legal conclusion of likelihood of confusion de novo. *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1084–85 (Fed. Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

## A

On appeal, StonCor challenges the Board's findings with respect to *DuPont* factors one and six. Factor one—the similarity or dissimilarity of the marks—is determined by focusing on "'the marks in their entireties as to appearance, sound, connotation, and commercial impression.'" *Palm Bay Imps. Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371 (Fed. Cir. 2005) (quoting *DuPont*, 476 F.2d at 1361).

StonCor argues that the Board erred by creating its own pronunciation rule and holding, contrary to StonCor's evidence, that the "o" in STONSHIELD would be pronounced with a short vowel sound. On this point, we agree with StonCor. The evidence in the record persua-

sively suggests that the "o" would be pronounced with a long vowel sound, like the word "stone." For instance, StonCor's Vice President of Marketing, Michael Jewell, testified at deposition that StonCor pronounces the "o" with a long vowel sound, that he has only "very, very rarely" heard the "o" pronounced with a short vowel sound, and that StonCor promotes its products at trade shows, pronouncing "STON" as "stone." J.A. 357-58, 364–65. Mr. Jewell further testified that StonCor employs a direct sales force of approximately 150 people, each of whom calls potential customers directly. J.A. 285–86, 358. While the record does not reflect how these direct sales employees pronounce "STON," it is a reasonable inference from Mr. Jewell's testimony that StonCor's employees follow the company's pronunciation and pronounce STON with a long "o" sound. In contrast, Specialty Coatings provided no evidence suggesting that "STON" was or would be pronounced with a short "o" sound.

The Board gave minimal weight to Mr. Jewell's testimony. It held that STONSHIELD is not "spelled in a manner consistent with" pronouncing "STON" as "stone" and that the prefix would instead be pronounced by prospective consumers "according to the spelling" of "STON," with a short "o" sound. *StonCor*, 2012 WL 2588576, at *6. According to the Board, StonCor "did not introduce evidence at trial that 'STON–' would be pronounced and perceived by prospective consumers as the equivalent of the word 'stone.'" *Id.*

The Board's pronunciation analysis is not supported by substantial evidence. The Board erred by failing to credit StonCor's evidence that consumers would pronounce "STON" as "stone." There is no correct pronunciation of a trademark that is not a recognized word. *See In re Belgrade Shoe Co.*, 411 F.2d 1352, 1353 (CCPA 1969). "STON" is not a word in English. Neither party argues that "STON" is a word in any other language. Where a trademark is not a recognized word and the weight of the

evidence suggests that potential consumers would pronounce the mark in a particular way, it is error for the Board to ignore this evidence entirely and supply its own pronunciation.

The Board's error here, however, was harmless. The Board found that *DuPont* factor one weighed against a likelihood of confusion because of (1) differing pronunciations of the affixes, "STON–" and "–STONE"; (2) differing spellings between the two affixes; (3) differing placements of the two affixes within the marks; (4) differing numbers of syllables in the two complete marks, STONSHIELD and ARMORSTONE; and (5) differing commercial impressions conveyed by the complete marks. The latter four findings are each supported by substantial evidence and, together, provide substantial evidence in support of the Board's conclusion that *DuPont* factor one weighs in favor of Specialty Coatings.

## B

Factor six of the *DuPont* test addresses the "number and nature of similar marks in use on similar goods." 476 F.2d at 1361. StonCor argues that the Board erred by failing to credit StonCor's evidence that numerous third parties use the term "armor stone" in connection with construction, stone, concrete, and epoxy products. As StonCor acknowledges, this factor usually addresses marks similar to an opposer's registered mark, to demonstrate the strength or weakness of that mark. *See, e.g.*, *Palm Bay Imps.*, 396 F.3d at 1373 (addressing evidence of third-party marks similar to a registered mark to assess the strength of that mark); *M2 Software*, 450 F.3d at 1384 (same); *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 204 (Fed. Cir. 1992) (same).

But StonCor nonetheless argues that evidence of marks similar to ARMORSTONE is somehow probative of a likelihood of confusion with STONSHIELD. The evidence of marks similar to ARMORSTONE may be rele-

vant to the strength or weakness of that mark, but StonCor has offered no credible explanation to support its contention that the existence of marks similar to ARMORSTONE demonstrates a likelihood of confusion with its mark STONSHIELD. The Board's conclusion that *DuPont* factor six was neutral is supported by substantial evidence.

## III

Section 2(e)(1) of the Lanham Act provides that a trademark may be refused registration if it consists of a mark that "when used on or in connection with the goods of the applicant is merely descriptive" of the goods. 15 U.S.C. § 1052(e)(1) (2012). Whether a mark is merely descriptive is a question of fact that we review for substantial evidence. *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1378 (Fed. Cir. 2012). The party opposing a registration bears the burden of proving by a preponderance of the evidence that an applicant's mark is merely descriptive. *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1252 (Fed. Cir. 2012).

A mark that is "suggestive" may be registered, but a mark that is "merely descriptive" may not be registered without showing that it has acquired secondary meaning. *Id.* at 1251–52. A "suggestive mark 'requires imagination, thought and perception to reach a conclusion as to the nature of the goods,' while a merely descriptive mark 'forthwith conveys an immediate idea of the ingredients, qualities or characteristics of the goods.'" *Id.* at 1252 (quoting *In re Abcor Dev. Corp.*, 588 F.2d 811, 813 (CCPA 1978)).

The Board held that, although ARMORSTONE might be suggestive of the effectiveness of Specialty Coatings' goods, StonCor presented no evidence that the combination of "armor" and "stone" was merely descriptive of the goods. The Board therefore concluded that StonCor failed

to meet its burden to prove that ARMORSTONE is merely descriptive.

StonCor presented evidence of Specialty Coatings' advertising, along with dictionary definitions for the words "armor" and "stone." None of StonCor's evidence demonstrates that the mark, as a whole, conveys "an immediate idea of the ingredients, qualities or characteristics of" the products. *DuoProSS*, 695 F.3d at 1252 (internal quotation marks omitted) (citation omitted). The Board's conclusion is supported by substantial evidence.

## IV

The Board concluded that there was no likelihood of confusion between STONSHIELD and ARMORSTONE and that StonCor did not prove that ARMORSTONE was merely descriptive. Because these conclusions are in accordance with the law and supported by substantial evidence, we affirm.

**AFFIRMED**