*1009 This case is before the court on cross-motions for summary judgment. It is a Wunderlich Act review case, 41 U.S.C. §§321, 322, wherein plaintiff seeks relief from decisions of the Armed Services Board of Contract Appeals, Mishara Construction Co., Inc., ASBCA Nos. 17957, 18402, 75-1 BCA (CCH) ¶11,206 (1975). In those decisions the board denied entirely plaintiffs claim in No. 17957, but granted partial relief on the claim in No. 18402. Plaintiff here seeks review of No. 18402 only to the extent this court modifies or reverses the board’s decision in No. 17957.
This court, on consideration of the record and briefs filed herein, concludes that the questions presented for review by plaintiff concerning (a) the reasonableness of the government’s rejection of certain samples of brick that did not conform to contract specifications, and (b) the related question of whether compliance with the brick specifications was factually impossible, requires the court to reweigh conflicting evidence and to make essentially factual determinations. Defendant did eventually accept the brick, but the board held that this was a waiver of the specification rather than an admission the previous rejection was unwarranted.
Where there is adequate and substantial evidence to support either of two contrary findings of fact, the one chosen by the board is binding on the court regardless of how we might have decided the issue if it had been raised de novo. Koppers Co. v. United States, 186 Ct. Cl. 142, 151, 405 F.2d 554, 559 (1968); National Concrete & Foundation Co. v. United States, 170 Ct. Cl. 470, 478 (1965).
In view of our limited scope of review standard in these cases, and on consideration of the record and briefs before us, we determine that the said board decisions are not arbitrary or capricious, are not contrary to law, are supported by substantial evidence, and they are therefore binding on plaintiff here. We adopt the opinion of the board in No. 17957 as our statement of reasons, but without printing the same among our opinions as it is already published and readily accessible. Because we decline to reverse and instead adopt the board decision in No. 17957, we affirm the board decision in No. 18402. This result *1010 follows since plaintiff appealed No. 18402 only insofar as we changed the board decision in No. 17957.
Accordingly, it is ordered that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motion for rehearing was denied July 16,1982.