**In re RESEARCH AND TRADING CORP.**

**Appeal No. 86–705.**

United States Court of Appeals, Federal Circuit.

June 12, 1986.

Peter J. Georges, of Russell, Georges, Brenenman, Hellwege & Yee, Arlington, Va., for appellant.

Nancy C. Slutter, of the Office of the Solicitor, Arlington, Va., for Com'r of Patents and Trademarks. With her on brief were Joseph F. Nakamura, Solicitor, Fred E. McKelvey, Deputy Solicitor and Julie Seyler, Trademark Examining Atty.

Before SMITH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

The decision of the Trademark Trial and Appeal Board (Board), sustaining the final refusal of the Trademark Examining Attorney under 15 U.S.C. § 1052(d) to register the term ROPELOK on the Principal Register, is affirmed.

This rejection being dispositive, the Board's further refusal to register on the basis of 15 U.S.C. § 1052(e)(1) is not addressed.

## OPINION

Research and Trading Corporation filed trademark application Serial No. 413,043 seeking registration of the term ROPE-LOK for goods described as "safety fall protection equipment for attachment to workers operating at elevated heights, said equipment comprising a lifeline engaging element actuated by a fall and a shock-absorber sold as a unit". The Board affirmed the Examining Attorney's rejection under 15 U.S.C. § 1052(d) (section 2(d) of the Lanham Act) in view of the mark ROPELOCK registered on the Supplemental Register, Reg. No. 662,047, for goods described as "releasable locking buckles for ropes particularly for industrial purposes, in Class 13". The Board held that the registrant's locking buckles and the applicant's lifeline devices were closely related safety equipment which purchasers were likely to assume emanated from the same source. The appellant argues that the mark ROPE-LOCK should be accorded only limited source identifying qualities because of its supplemental registration, and that the Board therefore erred in construing the appellant's safety fall equipment and registrant's locking buckles as "closely related".

■ We conclude that the Board correctly applied the ROPELOCK registration on the Supplemental Register as a reference in terms of section 2(d) against the application for registration of ROPELOK on the Principal Register. It is not material whether or not registration on the Supplemental Register implies that there is a degree of descriptiveness to that mark, as appellant argues. Such registration may be cited under section 2(d) in a determination of likelihood of confusion, an inquiry separate from that of descriptiveness. *In re The Clorox Co.*, 578 F.2d 305, 308, 198 USPQ 337, 340 (CCPA 1978).

■ Analysis of the relevant evidentiary factors in determining likelihood of confusion under section 2(d) requires review of the similarity and dissimilarity of the marks in their entireties, starting with the basic criteria of appearance, sound, and commercial impression. *In re Bed & Breakfast Registry*, 791 F.2d 157, 159 (Fed. Cir.1986); *Specialty Brands, Inc. v. Coffee Bean Distributors, Inc.*, 748 F.2d 669, 671, 223 USPQ 1281, 1282 (Fed.Cir.1984). There is little room in which to debate the similarity between ROPELOCK and ROPE-LOK in appearance and sound; and the Board held that because the goods to which each mark is applied are closely related safety equipment, there is a likelihood of confusion between the marks.

■ Likelihood of confusion requires consideration of the degree of similarity between the goods, in the context of the usual channels of trade and methods of distribution. *CBS Inc. v. Morrow*, 708 F.2d 1579, 1581, 218 USPQ 198, 199 (Fed. Cir.1983); *Dan Robbins & Assoc., Inc. v. Questor Corp.*, 599 F.2d 1009, 1012–13, 202 USPQ 100, 104 (CCPA 1979). The confusion referred to in section 2(d) is that of purchasers in the marketplace where the marks are used. *In re The Clorox Co.*, 578 F.2d at 307–08, 198 USPQ at 340. It is thus not necessary that the goods of the parties be identical in order to sustain a finding of likelihood of confusion. *Key Chemicals, Inc. v. Kelite Chemicals Corp.*, 464 F.2d 1040, 1042, 175 USPQ 99, 101 (CCPA 1972); *United Merchants and Manufacturers, Inc. v. R.A. Products Inc.*, 404 F.2d 399, 400, 159 USPQ 714, 715 (CCPA 1968). We discern no error in the Board's determination, based on the record before it, that the registrant's ROPELOCK releasable locking buckles for ropes for industrial purposes and the applicant's RO-PELOK lifeline safety devices are closely

related safety equipment whose commercial purchasers would be likely to be confused as to source.

■ Appellant's argument that purchasers of safety devices would not be confused because of the care they would be expected to exercise in the selection of that equipment is not persuasive in view of the very close similarity between the marks. That the relevant class of buyers may exercise care does not necessarily impose on that class the responsibility of distinguishing between similar trademarks for similar goods. "Human memories even of discriminating purchasers ... are not infallible." *Carlisle Chemical Works, Inc. v. Hardman & Holden Ltd.*, 434 F.2d 1403, 1406, 168 USPQ 110, 112 (CCPA 1970). Sophistication of buyers and purchaser care are relevant considerations, but are not controlling on this factual record.

AFFIRMED.