# United States Court of Appeals for the Federal Circuit

2006-1464
(Opposition No. 91/157,392)


CHINA HEALTHWAYS INSTITUTE, INC.
(doing business as Chi Institute),

Appellant,

v.


XIAOMING WANG,

Appellee.


David Z. Ribakoff, Law Offices of David Z. Ribakoff, of Los Angeles, California, for appellant.

Xiaoming Wang, of Bakersfield, California, pro se.

Appealed from:   United States Patent and Trademark Office, Trademark Trial and Appeal Board

# United States Court of Appeals for the Federal Circuit

2006-1464
(Opposition No. 91/157,392)

CHINA HEALTHWAYS INSTITUTE, INC.
(doing business as Chi Institute),

Appellant,

v.

XIAOMING WANG,

Appellee.

DECIDED: June 22, 2007

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

NEWMAN, Circuit Judge.

China Healthways Institute, Inc., doing business as Chi Institute, appeals the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board,[1] wherein the Board denied Chi Institute's opposition to registration of the trademark

---

1    China Healthways Institute. Inc. v. Wang, Opposition No. 91157392 (TTAB April 28, 2006).

"Chi PLUS" on application of Xiaoming Wang ("Wang"), on the ground that there was no likelihood of confusion. We reverse the decision of the Board.

BACKGROUND

The determination of likelihood of confusion is a question of law based on underlying facts. Specialty Brands, Inc. v. Coffee Bean Distribs., Inc., 748 F.2d 669, 671 (Fed. Cir. 1984). Applying the criteria of the Administrative Procedure Act, 5 U.S.C. §706, we give plenary review to the Board's legal conclusion that confusion is not likely, see In re Int'l Flavors & Fragrances, Inc., 183 F.3d 1361, 1365 (Fed. Cir. 1999), and review the Board's findings of fact on the standard of support by substantial evidence. See On-Line Careline Inc. v. Am. Online Inc., 229 F.3d 1080, 1085 (Fed. Cir. 2000) (applying the APA to issues of likelihood of confusion).

Chi Institute makes and sells electric therapeutic massagers in association with the trademark CHI, illustrated in the trademark registration as follows:



The registration states first use in commerce in 1993.

Wang applied for registration of the mark CHI PLUS for "electric massage apparatus," and was accorded constructive use as of the application filing date of July 26, 2002, absent evidence of actual use. The application illustrates the mark as follows:



Chi Institute filed an opposition on the ground that the two marks are so similar, in view of their use on the same kind of product, that there is a likelihood to cause confusion or mistake or to deceive. 15 U.S.C. §1052(d) provides:

> **§ 1052. Trademarks registrable on principal register; concurrent registration**
>
> No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it --
>
> &#42; &#42; &#42; &#42;
>
> **(d)** Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive: . . .

The Board found that confusion was not likely, and rejected the opposition. This appeal followed.

DISCUSSION

The Board found that the goods of applicant and opposer are legally identical and that they move in the same channels of trade to the same class of consumer. However, the Board found that "CHI" is a weak component of the marks, and the other components of the marks adequately distinguish them. In support of the position that the identical use of "chi" should receive little or no weight, the Board cited dictionary definitions that "chi" means vital energy and vital force in Chinese thought and medicine:

> THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (Fourth Edition):
>
> **chi** also ch'i or Qi or qi(che) n. The vital force believed in Taoism and other Chinese thought to be inherent in all things. The unimpeded circulation of chi and a balance of its negative and positive forms in the body are held to

be essential to good health in traditional Chinese medicine. [Chinese (Mandarin) qi, air, spirit, energy of life.]
MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (Eleventh Ed. 2003):

chi [Ch (Beijing) qi, lit., air, breath] vital energy that is held to animate the body internally and is of central importantance in some systems of Eastern medical treatment (as acupuncture) and of exercise or self-defense (as tai chi).

The Board concluded that "chi . . . has a well known meaning among those knowledgeable about Eastern medical treatments," and is "at least very highly suggestive, if not merely descriptive, when used in connection with the intended goods." On this basis the Board reasoned that the common CHI component of the marks is a relatively weak contributor to trademark status, and analyzed likelihood of confusion based on the differences, not the similarities, of the marks. Thus the Board concentrated its analysis on the difference between the stylized letter "I" in Chi Institute's mark, and the word "PLUS" in Wang's mark, and held that the marks are "distinguished by their respective additional matter."

We conclude that the Board erred in its analysis, for the word CHI is a significant component of these marks when viewed in their entirety. The marks must be compared in their entirety, at least when the overall commercial impression is reasonably based on the entirety of the marks. See Herbko Intern., Inc. v. Kappa Books, Inc., 308 F.3d 1156, 1165 (Fed. Cir. 2002) ("Turning to the relevant DuPont factors, the 'similarity or dissimilarity of the marks in their entireties' is a predominant inquiry. This inquiry examines the relevant features of the marks, including appearance, sound, connotation, and commercial impression. Although examining the marks in their entireties, the comparison, for rational reasons, may give more or less weight to a dominant feature of the marks.") (citations omitted).

The Board erred in declining to give any significant weight to the similarities of the marks, particularly in light of the identity of the goods, the identity of the intended consumers, and the identity of the channels of trade. The word CHI has significant descriptive aspects that raise the likelihood of confusion and weigh against registration of multiple marks for identical goods. It is incorrect to compare marks by eliminating portions thereof and then simply comparing the residue. See Specialty Brands, Inc. v. Coffee Bean Distributors, Inc., 748 F.2d 669, 673 (Fed. Cir. 1984) ("Of paramount interest is not the descriptive nature of SPICE, but the overall commercial impression derived by viewing the marks in their entireties . . . . Arguments to the effect that one portion of a mark possesses no trademark significance leading to a direct comparison between only what remains is an erroneous approach.") Spice Islands v. Frank Tea & Spice Co., 505 F.2d 1293, 1295 (CCPA 1974); Specialty Brands, 748 F.2d at 672 ("Although applicant disclaimed the word "spice" apart from SPICE VALLEY as a whole, the marks are viewed in their entireties.") The word CHI is an integral part of both marks and must be given appropriate weight.

Accepting that the word "chi" has a meaning in Chinese traditional medicine, the word "chi" does not mean an electric therapeutic massager. Applying the DuPont factors to the marks viewed in their entirety, the addition of "plus" to a mark already established and in use in commerce for electric therapeutic massagers is indeed likely to cause confusion or mistake or to deceive. The similarities of the two marks are so strong as to be likely to lead customers to believe that the products to which they refer come from the same source. The word CHI is the major component of both marks, and in both it is set forth in heavy letters. The fact that in Wang's mark only the first letter, "C," is a capital letter, whereas in the Institute's mark all of the letters are shown as capitals, is unlikely to suggest different

sources of the product. The addition of the word "PLUS" in Wang's mark is unlikely to avoid the confusion for "Plus" ordinarily connotes a related superior product, not one from a different source. And the use of a square dot over the capital "I" in Wang's mark, instead of the circular dot atop two arms in the Institute's mark, is unlikely to prevent customer confusion over the source of the products to which these marks pertain.

Chi Institute provided evidence of actual confusion in the marketplace. The Board declined to consider this evidence, and also declined to consider Wang's purportedly countervailing evidence because it was not proffered during the assigned testimony period. Evidence of actual confusion is relevant to determination of likelihood of confusion, and to the extent that it was properly proffered it should have been considered. DuPont, 476 F.2d at 1361.

The Board criticized the absence of evidence from Chi Institute of its "market share," and criticized the evidence of Chi Institute's use of CHI on its products and in advertising. The Board gave little weight to China Healthways evidence that it has sold tens of thousands of electric massagers with the CHI mark, whereas Wang had only recently entered the market with an electric massager. This too is a relevant factor. See DuPont, 476 F.2d at 1361 ("The market interface between the applicant and the owner of a prior mark" should be considered). Evidence of large sales volume and length of use is highly relevant, whatever the market share. See Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1569 (Fed. Cir. 1983) ("One of [the DuPont] factors is the fame of the prior mark, as measured by volume of sales, advertising, and length of use.")

Viewing the marks in their entirety, we conclude that confusion is likely as to the source of electronic massagers associated with the mark CHI and the mark CHI PLUS. The decision of the Board is reversed.[2]

REVERSED

---

[2]    Wang states in his brief that a settlement in a district court action bars this appeal. China Healthways disputes that position, and neither side provides further exposition. We do not decide this aspect, which in all events appears to raise issues other than likelihood of confusion, where the Board must consider the public interest as well as that of the parties.