NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE:  JS ADL, LLC,**
*Appellant*

---

2018-2017

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 87200423.

---

Decided:  July 11, 2019

---

THEODORE RAY REMAKLUS, Wood, Herron & Evans, LLP, Cincinnati, OH, for appellant.

THOMAS W. KRAUSE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu.  Also represented by CHRISTINA J. HIEBER, JOSEPH MATAL, MOLLY R. SILFEN.

---

Before LOURIE, O'MALLEY, and WALLACH, *Circuit Judges*.

LOURIE, *Circuit Judge*.

JS ADL LLC appeals from a decision of the Trademark Trial and Appeal Board (the "Board") of the United States Patent and Trademark Office (the "PTO"), affirming the

Examining Attorney's refusal to register its proposed trademark, ARTISAN⁕NY, on the ground of likelihood of confusion. *See In re JS ADL, LLC*, Serial No. 87200423, 2018 WL 1756608 (T.T.A.B. Mar. 30, 2018) ("*Board Decision*"). Because the Board's fact findings are well-supported by substantial evidence and it correctly held there is a likelihood of confusion, we *affirm*.

BACKGROUND

JS ADL filed intent-to-use Application No. 87200423 to register its proposed trademark, ARTISAN⁕NY, on October 12, 2016. JS ADL sought to register the mark for use in Class 25 of the Principal Register, covering the following clothing items:

> Belts; Gloves; Hats; Headwear; Jackets; Jeans; Lingerie; Men's suits, women's suits; Pants; Scarves; Shawls; Shirts; Sleepwear; Socks; Suits; Sweaters; Swimsuits; T-shirts; Underwear

J.A. 21.

The Examining Attorney refused registration on the ground that JS ADL's mark would likely be confused with a previously registered mark, ARTESANO NEW YORK CITY. *See* 15 U.S.C. § 1052(d). ARTESANO NEW YORK CITY is registered under No. 3840723 for "Jeans; Shirts; Sneakers; Socks; Sweaters; T-shirts; [and] Underwear." The Examining Attorney noted that the two words are highly similar in sound and appearance, and she also found that "artesano" is the Spanish word for "artisan" and is therefore considered confusingly similar under the doctrine of foreign equivalents. J.A. 30. She further cited the similarity of the goods and the substantial overlap between the goods covered by the cited mark and those for which JS ADL sought registration. This overlap also creates a presumption that the goods travel in the same channels of trade. *See Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1053 (Fed. Cir. 2012).

JS ADL primarily argued in response that both components of ARTESANO NEW YORK CITY are weak and entitled to little protection. But the Examining Attorney rejected this argument because the marks must be compared in their entireties, not as individual words, and, in any case, even weak marks can give rise to a likelihood of confusion. *See King Candy Co. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 1401 (CCPA 1974).

JS ADL then appealed to the Board, which affirmed the Examining Attorney's refusal to register JS ADL's proposed mark. *Board Decision*, 2018 WL 1756608, at \*10. The Board rejected JS ADL's argument that ARTESANO NEW YORK CITY is an inherently weak mark and, as such, is entitled to limited protection. *Id.* at \*5–7. The Board also affirmed the Examining Attorney's findings on the factor of similarity of the marks. While it declined to apply the doctrine of foreign equivalents, the Board nevertheless agreed with the Examining Attorney that, because the two marks are "more similar than dissimilar in appearance and sound" and consumers would likely view "artesano" only as a novel spelling of "artisan," the marks "convey similar overall commercial impressions." *Id.* at \*9–10. The Board also found that "[b]ecause the goods identified in the application and the cited registration are in part identical," the factors of relatedness of goods, channels of trade, and classes of purchasers weighed in favor of likelihood of confusion, as did its finding that the goods are likely to be offered for sale under the same conditions. *Id.* at \*2–3.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## Discussion

We review the Board's legal determinations *de novo* and its factual findings for substantial evidence. *Royal Crown Co. v. The Coca-Cola Co.*, 892 F.3d 1358, 1364–65 (Fed. Cir. 2018). A finding is supported by substantial

evidence if a reasonable mind might accept the evidence as adequate to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). "Where there is adequate and substantial evidence to support either of two contrary findings of fact, the one chosen by the board is binding on the court regardless of how we might have decided the issue if it had been raised de novo." *Mishara Const. Co. v. United States*, 230 Ct. Cl. 1008, 1009 (1982).

Under the Lanham Act, 18 U.S.C. §§ 1051–1141n, a trademark applicant is entitled to registration of a proposed mark subject to several restrictions, one of which is that the proposed mark may not "so resemble[] a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive . . . ." *Id.* § 1052(d). Likelihood of confusion is a question of law, which we review *de novo*, but we review the Board's factual findings underlying that conclusion for substantial evidence. *See In re Mighty Leaf Tea*, 601 F.3d 1342, 1346 (Fed. Cir. 2001) (citing *In re Chatam Int'l Inc.*, 380 F.3d 1340, 1342 (Fed. Cir. 2004)). Any doubt as to likelihood of confusion is resolved "against the newcomer because the newcomer has the opportunity and obligation to avoid confusion with existing marks." *See Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265 (Fed. Cir. 2002) (citing *In re Shell Oil Co.*, 992 F.2d 1204, 1209 (Fed. Cir. 1993)).

The Board evaluates likelihood of confusion by reference to the factors set out in *In re E.I. DuPont DeNemours & Co.,* 476 F.2d 1357, 1361 (CCPA 1973). But "[n]ot all of the *DuPont* factors are relevant to every case, and only factors of significance to the particular mark need be considered." *In re Mighty Leaf Tea,* 601 F.3d at 1346. In this case, the Board considered the *DuPont* factors relating to the similarity and nature of the goods, the channels of trade, classes of consumers, conditions of sale, strength of

the cited mark, and the similarity of the marks. *See generally Board Decision*, 2018 WL 1756608. JS ADL only disputes the Board's findings on the latter two *DuPont* factors, as well as the Board's ultimate holding of likelihood of confusion. We address each in turn.

JS ADL first argues, as it did below, that the Board gave inadequate weight to the purported weakness of ARTESANO NEW YORK CITY as a registered mark. In its brief, JS ADL provides many examples of related marks from third parties containing some variation of ARTISAN or ARTESANO, in addition to other examples of related marks containing variants of NY or NEW YORK CITY. JS ADL further contends that ARTESANO suggests clothing items made by skilled tradespersons and NEW YORK CITY is descriptive, and thus, because the formative words themselves are not distinct, the Board erred in placing any weight on the strength of ARTESANO NEW YORK CITY.

The PTO responds that the Board's finding is supported by substantial evidence and that a mark built with weak individual components is not necessarily entitled only to a narrow scope of protection. The PTO further notes that JS ADL presented no evidence of actual third-party use, as opposed to third-party trademark registrations, that would have allowed the Board to find that "consumers actually are conditioned to distinguishing among marks including ARTISAN or NY/NEW YORK." Appellee Br. 19 (citing *Board Decision*, 2018 WL 1756608, at *6).

We agree with the PTO. JS ADL only presented evidence that variants of the terms ARTISAN and NY are themselves suggestive or descriptive, and it is well-established that the weakness of the individual components of a mark is not, of itself, sufficient to prove that their combination creates a weak mark. *See China Healthways Inst., Inc. v. Wang*, 491 F.3d 1337, 1340 (Fed. Cir. 2007) ("It is incorrect to compare marks by eliminating portions thereof and then simply comparing the residue." (citing *Specialty*

*Brands, Inc. v. Coffee Bean Distribs., Inc.*, 748 F.2d 669, 673 (Fed. Cir. 1984))); *Franklin Mint Corp. v. Master Mfg. Co.*, 667 F.2d 1005, 1007 (CCPA 1981) ("It is axiomatic that a mark should not be dissected and considered piecemeal; rather, it must be considered as a whole in determining likelihood of confusion."). The Board was entitled to give little weight to JS ADL's evidence of third-party trademark registrations separately including variants of either "artisan" or "New York," especially in view of JS ADL's failure to provide evidence of actual third-party use, *cf. Jack Wolfskin Ausrustung Fur Draussen GmbH & Co. KGAA v. New Millennium Sports, S.L.U.*, 797 F.3d 1363, 1373–74 (Fed. Cir. 2015) (holding that the Board erred in giving little weight to evidence of registered third-party marks in actual use). Thus, substantial evidence supports the Board's finding that JS ADL failed to show that ARTESANO NEW YORK CITY is a weak mark not entitled to a normal scope of protection.

JS ADL next argues that the Board erred in finding similarity between the marks. JS ADL generally contends that the Board placed too much weight on the similarity between ARTISAN and ARTESANO. *See In re Electrolyte Labs., Inc.*, 929 F.2d 645, 647 (Fed. Cir. 1990) (holding that the Board cannot ignore the less dominant portion of a cited mark) (citing *Spice Islands, Inc. v. Frank Tea & Spice Co.*, 505 F.2d 1293 (CCPA 1974)). In doing so, JS ADL contends, the Board failed to give due consideration to other differences between the marks, including the NY and NEW YORK CITY terms and the cross-stitch design portion of JS ADL's mark. JS ADL also maintains that the Board erred in finding that ARTISAN and ARTESANO are highly similar in appearance and sound because ARTESANO has an extra syllable and the words are pronounced differently. Finally, JS ADL asserts that the Board offered no support for its conclusion that a consumer would perceive that ARTESANO has the same meaning as ARTISAN.

The PTO argues in response that the Board reasonably found that the dominant portions of the marks, ARTISAN and ARTESANO, are confusingly similar. The PTO also contends that NY and NEW YORK CITY are disclaimed geographical terms that, along with the small cross-stitch element in JS ADL's mark, contribute less to the overall commercial impression of the marks. *See CBS Inc. v. Morrow*, 708 F.2d 1579, 1581–82 (Fed. Cir. 1983) ("[I]n a composite mark comprising a design and words, the verbal portion of the mark is the one most likely to indicate the origin of the goods to which it is affixed."). The PTO also argues that substantial evidence supports the Board's finding that ARTISAN and ARTESANO are confusingly similar because minor lettering differences may not distinguish a similar word in a cited mark. *See In re Bayer Aktiengesellschaft*, 488 F.3d 960, 965 (Fed. Cir. 2007).

We agree with the PTO and conclude that substantial evidence supports the Board's evaluation of the factor of similarity between the marks. We first conclude that the Board did not place undue weight on the ARTISAN and ARTESANO portions of the marks. We have consistently held that, while a mark must be considered as a whole, "[m]ore dominant features will, of course, weigh heavier in the overall impression of the mark." *In re Electrolyte Labs.*, 929 F.2d at 647 (citing *Giant Food, Inc. v. Nation's Foodservice, Inc.*, 710 F.2d 1565, 1570 (Fed. Cir. 1983)). Here, the Board expressly made findings regarding the other features of the marks. While the Board found that NY and NEW YORK CITY are routinely disclaimed as descriptive geographical terms, *Board Decision*, 2018 WL 1756608, at *8, it found in its ultimate analysis of similarity that both ARTESANO NEW YORK CITY and ARTISAN✳NY suggest clothing created by tradespersons in the City or State of New York, *id.* at *10. And we agree with the PTO that the Board was entitled to find that the cross-stitch in JS ADL's proposed mark only suggests clothing items identified under the mark and as a result it contributes little to

the overall commercial impression of the mark. *See CBS*, 708 F.2d at 1581 ("[M]inor design features do not necessarily obviate likelihood of confusion arising from consideration of the marks in their entireties.").

Nor do we agree with JS ADL that the Board erred in its analysis of the dominant portion of the mark, ARTISAN. As the PTO points out, the only differences between ARTISAN and ARTESANO are the substitution of the letter "E" for "I" and the addition of the letter "O" at the end. The Board reasonably found that the terms are highly similar in appearance and sound. More importantly, the Board also found that ARTISAN⁎NY and the cited mark ARTESANO NEW YORK CITY, considered in their entireties, each suggest clothing made by skilled tradespersons in New York. *Board Decision*, 2018 WL 1756608, at *10. The minor distinctions in spelling and pronunciation advanced by JS ADL do not demonstrate error in the Board's analysis of the overall commercial impression of the marks. *Cf. Bayer*, 488 F.3d at 965 ("The appearance and meaning of ASPIRINA and aspirin are similar. Adding an 'a' to aspirin results in virtually no distinction with respect to the visual impressions of the terms."). We therefore find the Board's analysis of the similarity of the marks supported by substantial evidence.

In summary, we conclude that the Board's fact findings with respect to the strength of the cited mark and the similarity of the marks are well-supported by substantial evidence. Since JS ADL presents no further argument that the Board's ultimate determination of likelihood of confusion is in error, we *affirm* the Board's decision.

## CONCLUSION

We have considered JS ADL's remaining arguments but find them unpersuasive. For the foregoing reasons, the decision of the Board is

## **AFFIRMED**