NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRIBE OF TWO, LLC,**
*Appellant*

**v.**

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2023-1193

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91254933.

---

Decided:  September 3, 2024

---

STEVEN E. KLEIN, Davis Wright Tremaine LLP, Portland, OR, argued for appellant.  Also represented by GAYLE ROXANNE ELINGS, New York, NY; NICOLE MEDEIROS, San Francisco, CA.

MICHAEL CHAJON, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for

intervenor.    Also represented by DANIEL PATRICK DONEGAN, CHRISTINA J. HIEBER, FARHEENA YASMEEN RASHEED.

————————————

Before PROST, CLEVENGER, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Tribe of Two, LLC ("Tribe of Two") appeals from the United States Trademark Trial and Appeal Board's ("TTAB") dismissal of its opposition. The TTAB found that Tribe of Two had failed to show a likelihood of confusion between Eritaj Design Corporation's ("Eritaj") mark and Tribe of Two's registered marks. *Tribe of Two, LLC v. Eritaj Design Corp.*, No. 91254933, 2022 WL 4397523 (T.T.A.B. Sept. 19, 2022) ("*TTAB Decision*"). For the following reasons, we affirm.

BACKGROUND

On September 19, 2019, Eritaj "filed an application to register the mark on the Principal Register for 'clothing, namely, belts, hats, shirts, t-shirts, pants, socks and shorts, sweat shirts, jackets, hoodies, joggers, sweat pants, athletic pants and tops, headbands, wristbands' in International Class 25." *TTAB Decision*, 2022 WL 4397523, at *1.

On March 28, 2020, Tribe of Two filed a Notice of Opposition pleading under Trademark Act Section 2(d), 15 U.S.C. § 1052(d), that Eritaj's mark is likely to be confused with Tribe of Two's marks and (respectively: Registration No. 4377523, for "purses and wallets"; and Registration No. 5924569, for "handbags, shoulder bags, tote bags, satchels, purses, clutches, and wallets"), both in

International Class 18. *Id.* During the opposition proceeding, Tribe of Two submitted the following evidence: status and title copies of its registered marks (shown above), internet materials to show the strength of its marks, third-party registrations to show the relationship between Eritaj's and Tribe of Two's goods, and internet materials to show the relationship between their goods. J.A. 128.

The TTAB rejected Tribe of Two's claims, concluding that, "[n]otwithstanding the relationship between the goods, and the overlapping channels of trade and classes of consumers, because [Eritaj's and Tribe of Two's marks] are visually distinct and create different commercial impressions," Tribe of Two "has failed to show by a preponderance of the evidence a likelihood of confusion" between its marks and Eritaj's marks. *TTAB Decision*, 2022 WL 4397523, at *8.

Tribe of Two appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

We review the TTAB's legal conclusions de novo and its underlying factual findings for substantial evidence. *In re Pacer Tech.*, 338 F.3d 1348, 1349–50 (Fed. Cir. 2003). "Determination of likelihood of confusion is reviewed as a question of law. It is necessarily a subjective determination, and the effect of a design or style of letters, as any determination of likelihood of confusion, depends on the particular facts." *In re Electrolyte Labs., Inc.*, 929 F.2d 645, 647 (Fed. Cir. 1990) (cleaned up). We also "review the Board's weighing of the *DuPont* factors de novo." *QuikTrip W., Inc. v. Weigel Stores, Inc.*, 984 F.3d 1031, 1034 (Fed. Cir. 2021).

The Trademark Act states:

No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it . . . [c]onsists of or

comprises *a mark which so resembles a mark registered in the Patent and Trademark Office*, or a mark or trade name previously used in the United States by another and not abandoned, as to be *likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive . . . .*

15 U.S.C. § 1052(d) (emphasis added). Whether there is a likelihood of confusion between a registered mark and an applicant's mark is determined by a 13-factor test, known as the *DuPont* factors:

(1) The similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression.

(2) The similarity or dissimilarity and nature of the goods or services as described in an application or registration or in connection with which a prior mark is in use.

(3) The similarity or dissimilarity of established, likely-to-continue trade channels.

(4) The conditions under which and buyers to whom sales are made, i.e. "impulse" vs. careful, sophisticated purchasing.

(5) The fame of the prior mark (sales, advertising, length of use).

(6) The number and nature of similar marks in use on similar goods.

(7) The nature and extent of any actual confusion.

(8) The length of time during and conditions under which there has been concurrent use without evidence of actual confusion.

(9) The variety of goods on which a mark is or is not used (house mark, "family" mark, product mark).

(10) The market interface between applicant and the owner of a prior mark . . . .

(11) The extent to which applicant has a right to exclude others from use of its mark on its goods.

(12) The extent of potential confusion, i.e., whether de minimis or substantial.

(13) Any other established fact probative of the effect of use.

*In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 1361 (CCPA 1973).

Tribe of Two argues that the TTAB (1) erred in its *DuPont* factor analysis, finding the marks' dissimilarity to weigh against a likelihood of confusion; (2) should have found the literal elements (letters "TT") of Eritaj's mark to be dominant, thus looking and sounding the same as Tribe of Two's; and (3) should have found a likelihood of confusion between the marks given that any doubt as to whether confusion is likely is to be resolved in favor of the senior user—Tribe of Two. We disagree.

We first reject Tribe of Two's argument that the TTAB erred in its *DuPont* analysis. In its likelihood of confusion analysis, the TTAB expressly analyzed and addressed *DuPont* factors (1), (2), (3), (5), and (12), *TTAB Decision*, 2022 WL 4397523, at *3–8, and "considered all of the arguments and evidence of record, and all relevant *DuPont* factors," *id* at *8. And though "[a]ny of the *DuPont* factors may play a dominant role," the TTAB found Eritaj's and Tribe of Two's marks to be visually distinct and create different commercial impressions (factor 1), despite finding overlapping goods and channels of trade and classes of consumers (factors 2 and 3). *Id.*

Second, we reject Tribe of Two's argument that the TTAB should have found the literal elements of Eritaj's mark to be dominant. The TTAB concluded that, although the letters "TT" are discernible in Eritaj's mark, "they do not form the dominant impression. Instead, the inversion of the letters T, the doubled horizontal lines, and the use of negative space to create a rectangle among the vertical and horizontal lines creates the impression of a rectangular geometric design." *TTAB Decision*, 2022 WL 4397523, at *7. This finding has substantial-evidence support. "[I]t is not improper to state that, for rational reasons, more or less weight has been given to a particular feature of the mark, provided the ultimate conclusion rests on consideration of the marks in their entireties." *Packard Press, Inc. v. Hewlett-Packard Co.*, 227 F.3d 1352, 1357 (Fed. Cir. 2000); *see In re Nat'l Data Corp.,* 753 F.2d 1056, 1058 (Fed. Cir. 1985) ("Indeed, this type of analysis appears to be unavoidable."). The TTAB's finding and analysis followed this standard.

During oral argument, Tribe of Two devoted considerable time to argue that the TTAB overlooked possible coloring and shading of the letters "TT" of Eritaj's marks, which Tribe of Two asserts would allow an emphasis on the letter Ts and deemphasize its stylized mark. Oral Arg. at 2:41–5:31.[1] But, as Tribe of Two conceded, "no, there was no express argument that the Board should specifically consider . . . different shadings." *Id.* at 6:15–23. It was also barely noted in Tribe of Two's appellate briefing. We conclude that this argument was forfeited because it was insufficiently developed. We therefore find no error by the TTAB.

We turn finally to Tribe of Two's argument that the TTAB did not resolve doubts about likelihood of confusion

---

[1]    No. 23-1193, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1193_08082024.mp3.

in Tribe of Two's favor. Tribe of Two argues that "all doubts as to whether confusion, mistake, or deception is likely should be resolved in favor of the senior user." Appellant's Br. 47 (citing *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464–65 (Fed. Cir. 1988), and *Century 21 Real Est. Corp. v. Century Life of Am.*, 970 F.2d 874, 878 (Fed. Cir. 1992)). Tribe of Two, however, has not identified where the TTAB has expressed any doubt regarding a likelihood of confusion between the marks. On de novo review, nor do we. Like the TTAB, we find the marks so dissimilar that, in this case, this single *DuPont* factor is dispositive. *TTAB Decision*, 2022 WL 4397523, at \*8. And unlike *Century 21*, where the TTAB decision there noted that the case was "difficult to resolve" and that "the prior mark is famous," 970 F.2d at 878, neither circumstance is present here.

### CONCLUSION

We have considered Tribe of Two's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### **AFFIRMED**